## Williams *v.* Miller, Appellant.

*Bailment—Possession—Constable's sale—Fraud.*

Where a person has purchased goods at a public vendue by a constable, and immediately thereafter delivers to the former owner of the goods a bailment lease of the property, and the goods are permitted to remain on the premises, such goods in the absence of actual fraud cannot subsequently be taken in execution as the property of the former owner, who is in possession of them under the lease.

Argued Dec. 3, 1917. Appeal, No. 5, Oct. T., 1917, by defendant, from judgment of C. P. Northampton Co., June T., 1916, No. 47, on verdict for plaintiff in case of C. K. Williams v. S. E. Miller. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Appeal from judgment of alderman. Before STEWART, P. J.

At the trial it appeared that C. K. Williams bought at a constable's sale certain goods of Dr. Tryxell. The goods were levied upon under a distress warrant for rent. Immediately after the sale Williams executed to Tryxell a bailment lease of the goods and permitted them to re-

main in the possession of Tryxell on the leased premises. About thirteen months after the sale to Williams and his lease to Dr. Tryxell, these goods and the remainder of Dr. Tryxell's household goods were levied on by the sheriff under an execution on a judgment of $33 and costs, a total of $52.90. Miller who kept a furniture storage house, loaned Tryxell this amount, $52.90, which was paid to the sheriff, who thereupon released his levy and Miller then took possession of all the goods which the sheriff had levied on, and removed them to his storage house. A few days later Williams demanded the articles from Miller. Miller refused to deliver up the goods, unless repaid the entire amount of his loan to Tryxell and the charges which he held against all the furniture received from Tryxell.

Miller afterwards sold and disposed of all of Tryxell's furniture, including the articles claimed by Williams in this suit; some he sold at private sale; some at public auction; at his public auction, he, himself, purchased some of the goods. In these sales he realized $75.90 from the articles claimed by Williams in this suit. On the trial, both plaintiff and defendant conceded this amount as the value of the goods claimed.

Verdict and judgment for plaintiff for $75.90. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*George W. Geiser,* with him *George W. Geiser, Jr.,* for appellant.—There was no legal charge of possession of the goods: Janney v. Howard, 150 Pa. 339; Goddard, Hill & Co. v. Weil, 165 Pa. 419; Clow v. Woods, 5 S. & R. 275; Barr v. Reitz, 53 Pa. 256; McKibbin v. Martin, 64 Pa. 352; Garman v. Cooper, 72 Pa. 32; Miller v. Browarsky, 130 Pa. 372; Stephens v. Gifford, 137 Pa. 219; Weller v. Meeder, 2 Pa. Superior Ct. 488; Hill v. Leibig Mfg. Co., 3 Pa. Superior Ct. 398.

*Orrin Serfass,* for appellee.—It is not fraudulent to leave property purchased at a sheriff's sale in the possession of the former owner for his use: Walter v. Gernant, 13 Pa. 515; Maynes v. Atwater, 88 Pa. 496.

OPINION BY HEAD, J., July 10, 1918:

In this case there was a verdict for the plaintiff for $75.90 upon which judgment was entered. The appellant filed seventeen assignments of error. They may be briefly disposed of.

If the party who stored the goods with the defendant warehouseman was not the owner of the goods and had no legal right to sell them or pledge them, the case of the defendant was without merit. As a legal proposition we need go no farther to support the statement than to refer to our own case of Estey Co. v. Dick, 41 Pa. Superior Ct. 610.

There is not a scintilla of evidence to support the proposition there was any fraud in fact in the making of the bailment lease between the present plaintiff and Dr. Tryxell. The goods in question, being household goods, had been seized by virtue of a warrant of distress issued by a landlord. In due course of time, after advertisement as provided by law, they were sold at public vendue by the constable who had charge of the execution of the warrant and were purchased at that sale and paid for by the plaintiff in the present action. He thereupon executed and delivered to the former tenant a bailment lease of the property he had just purchased and it was permitted to remain, under the terms of that lease, in his possession. Unless it could be said that this transaction amounted to a fraud in law, the defendant was without any legal claim whatever on this property. We agree with the learned judge below that it could not be declared to amount to a legal fraud, and as there was no evidence whatever of any actual fraud, no option was left to the learned trial judge other than to direct a verdict for the plaintiff for the conceded value of the goods.

In this we can see no error.    The assignments of error are overruled.

Judgment affirmed.